# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 10CR5016-H |
| Plaintiff, | ) | |
| | ) | ORDER DENYING DEFENDANT'S |
| v. | ) | MOTION FOR COMPASSIONATE |
| | ) | RELEASE UNDER TITLE 18 U.S.C. |
| GRANT EUGENE BISEL, JR. (17), | ) | § 3582(c)(1)(A) |
| Defendant. | ) | |
| | ) | (Doc. No. 1705.) |

Pending before the Court is Defendant Grant Eugene Bisel, Jr.'s ("Defendant") *pro se* motion for compassionate release under Title 18 U.S.C. § 3582(c)(1)(A). (Doc. Nos. 1705 and 1724.) The Defendant's seeks an order from the Court to reduce his imprisonment term or alternatively seeks an order from the Court to convert his incarceration to home confinement due to the current COVID-19 pandemic, his health issues, and his desire to be with his aging mother. (Id.) The Government has filed a response in opposition to the Defendant's motion. (Doc. Nos. 1679 and 1719.) For the reasons set forth below, the Court denies the Defendant's motion for compassionate release and denies the Defendant's request to convert his incarceration to home confinement.

-1-

## **Background**

On May 24, 2012, the Defendant, with his consent, tendered a guilty plea before the Magistrate Judge for conspiracy to distribute methamphetamine in violation of Title 21 U.S.C. §§ 841(a)(1) and 846 as charged in Count 1 of the Second Superseding Indictment. (Doc. Nos. 542 and 552.) The Defendant executed a written plea agreement, and the Magistrate Judge issued her Findings and Recommendation recommending that this Court accept the Defendant's guilty plea (Doc. Nos. 553 and 562). On June 8, 2012, this Court adopted the Findings and Recommendation of the Magistrate Judge and accepted the Defendant's guilty plea. (Doc. No. 666.) On April 14, 2014, the Court sentenced the Defendant to a custodial term of 180 months followed by four years of supervised release. (Doc. Nos. 1385 and 1386.)

On June 17, 2015, the Defendant filed a motion to vacate, set aside, or correct his sentence under Title 28 U.S.C. § 2255. (Doc. No. 1559.) On July 25, 2015, the Government filed a response in opposition to the Defendant's § 2255 motion. (Doc. No. 1567.). On October 5, 2015, the Defendant filed a reply in support of his motion. (Doc. No. 1577.) Thereafter, on October 22, 2015, the Court entered an order denying the Defendant's § 2255 motion and denying the Defendant's request for a certificate of appealability. (Doc. No. 1580.) On October 16, 2017, the Defendant filed a notice of appeal of this Court's order denying his § 2255 motion and request for a certificate of appealability. (Doc. No. 1617.) Thereafter, on November 28, 2017, the United States Court of Appeals for the Ninth Circuit denied the Defendant's request for a certificate of appealability because the notice of appeal was not timely filed. (Doc. No. 1621.)

On October 27, 2020, the Defendant filed a motion for compassionate release under § 3582(c)(1)(A). (Doc. No. 1670.) The Court ordered the Defendant's motion be filed *nunc pro tunc* to October 19, 2020, the date the Clerk's Office received the Defendant's motion. (Doc. No. 1669.) On November 10, 2020, the Defendant filed a letter in support of his motion for compassionate release. (Doc. No. 1673.) The Court ordered the Defendant's letter in support of his motion for compassionate release be

filed *nunc pro tunc* to November 9, 2020, the date the Clerk's Office received the Defendant's letter. (Doc. No. 1672.)  On November 17, 2020, the Government filed its response in opposition to the Defendant's motion for compassionate release. (Doc. No. 1679.)  Thereafter, on December 2, 2020, the Court denied without prejudice the Defendant's motion for compassionate release for failure to exhaust his administrative remedies with the Bureau of Prisons ("BOP") as required by § 3582(c). (Doc. No. 1680.)

On March 24, 2021, the Defendant refiled his motion for compassionate release. (Doc. No. 1705.) The Court ordered the Defendant's renewed motion be filed *nunc pro tunc* to March 22, 2021, the date the Clerk's Office received the Defendant's motion. (Doc. No. 1704.) Pursuant to General Order 692-B (S.D. Cal. Mar. 4, 2021), the Court referred the Defendant's renewed motion to Federal Defenders of San Diego, Inc. ("Federal Defenders") to screen if the Defendant would benefit from the assistance of counsel. (Doc. No. 1706.) On April 12, 2021, Federal Defenders filed a status report advising the Court that it should proceed to decide the Defendant's renewed motion on the existing record and without further assistance of counsel. (Doc. No. 1713.) The Defendant submitted supplemental pleadings in support of his renewed motion for compassionate release. (Doc. No. 1715.) The Court ordered the Defendant's supplemental pleadings be filed *nunc pro tunc* to April 8, 2021, the date the Clerk's Office received the Defendant's supplemental pleadings. (Doc. No. 1714.)

On April 8, 2021, the Ninth Circuit issued its published opinion and decision in United States v. Aruda, 993 F.3d 797 (9th Cir. 2021). In Aruda, the Ninth Circuit resolved a split among the district courts within the circuit and held that under the current version of U.S.S.G. § 1B1.13, there are no binding applicable policy statements for motions filed by a defendant under § 3582(c)(1)(A). Id. Accordingly, the Court issued an order requesting supplemental briefing regarding Aruda and its impact on how the Court should rule on the Defendant's motion for compassionate release. (Doc. No. 1717.) On June 9, 2021, the Government filed its supplemental briefing regarding

Aruda. (Doc. No. 1719.) Thereafter, on July 12, 2021, the Defendant filed his supplemental briefing addressing the impact of Aruda. (Doc. No. 1724.)

## Discussion

A district court is generally prohibited from modifying a sentence once it has been imposed, unless expressly permitted by law. United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003); United States v. Handa, 122 F.3d 690, 691 (9th Cir. 1997), as amended on reh'g (Aug. 4, 1997), cert. denied, 522 U.S. 1083, 118 S.Ct. 869, 139 L.Ed.2d 766 (1998) ("A district court does not have inherent power to resentence defendants at any time. Its authority to do so must flow either from the court of appeals mandate under 28 U.S.C. § 2106 (1982) or from Federal Rule of Criminal Procedure 35.") (citations omitted); United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders.") (citations omitted).

One exception to the district court's prohibition from modifying a sentence is the compassionate release provision of Title 18 U.S.C. § 3582(c)(1)(A). That provision provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction; or

1
2
3
4
5
6
7

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[1]

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

For a court to have jurisdiction to hear a defendant's motion for compassionate release, a defendant must first meet the administrative exhaustion criteria set forth in § 3582(c)(1)(A). United States v. Keller, 2 F.4th 1278, 1282 (9th Cir. 2021) ("Joining the unanimous consensus of our sister circuits, we hold that § 3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked."). As the movant, the burden rests with the Defendant to provide proof that he has met the exhaustion criteria set for the in § 3852(c)(1)(A) and to establish that compelling and extraordinary reasons exists to warrant his release. See United States v. Holden, 452 F. Supp. 3d 964, 969 (D. Or. 2020) (Brown, J.) ("A defendant seeking a reduction in his terms of imprisonment bears the burden to establish both that he has satisfied the procedural prerequisites for judicial review and that compelling and extraordinary reasons exist to justify compassionate release."); See also United States v. Osorio-Arellanes, No. CR-11-00150-001-TUC-DCB (BGM), 2021 WL 673292, at *2 (D. Ariz. Feb. 22, 2021) (Bury, J.) ("Defendant

23
24
25
26
27
28

---

[1] A prior version of § 3582(c)(1)(A) permitted a court to reduce a defendant's term of imprisonment only upon the motion of the Director of the Bureau of Prisons. The First Step Act of 2018, Pub. L. No. 115-391, § 603, modified § 3582(c)(1)(A) to allow a defendant to make a motion to the Court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See Mohrbacher v. Ponce, No. CV 18-00513-DMG (GJS), 2019 WL 161727 (C.D. Cal. Jan. 10, 2019) (Gee, J.) (Discussing modifications made to § 3582(c)(1)(A) by the First Step Act); See also United States v. Curry, No. CR 6:06-082-DCR, 2019 WL 508067 (E.D. Ky. Feb. 8, 2019) (Reeves, J.) (same.)

bears the burden of proving he meets all elements of eligibility for a sentence reduction.").

In this matter, the Defendant filed a copy of his request to the Warden seeking compassionate release dated December 25, 2020. (Doc. No. 1705 at 49.) Accordingly, given that 30 days has elapsed from the date of the request, the Court is satisfied that it has jurisdiction to consider the Defendant's motion for compassionate release under § 3582(c)(1)(A).

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." In determining what constitutes "extraordinary and compelling reasons," the Ninth Circuit has held that under the current version of U.S.S.G. § 1B1.13[2] "[t]he Sentencing

---

[2] U.S.S.G. § 1B1.13 cmt. n.1(A) and (B) (Nov. 1, 2018) provides:

1. Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.--

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is--

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.--

Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." Aruda at 802. Therefore, in the absence of binding applicable policy statements, "district courts are 'empowered ... to consider any extraordinary and compelling reason for release that a defendant might raise.'" United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (citing United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). Nevertheless, "[i]n exercising its discretion, this Court looks to the [non-binding] policy statement[s] for helpful guidance." United States v. Miller, No. 15-CR-00471-CRB-1, 2021 WL 2711728, at *2 (N.D. Cal. July 1, 2021) (Breyer, J.).

The Defendant argues that the COVID-19 pandemic is an extraordinary and compelling reason to reduce his sentence. Although the impact of the current pandemic on the detention facilities is of course concerning to the Court, the BOP is taking active precautions to limit the spread of the virus within its facilities. (Doc. Nos. 1679 at 2-6 and 1719 at 2.) Additionally, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Rather, the existence of the COVID-19 pandemic is one among numerous factors the Court may consider in determining what constitutes extraordinary and compelling reasons.

In this case, the Defendant specifically argues that he is at greater risk of

---

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

developing severe symptoms of COVID-19 because he suffers from hepatitis C and alleges that treatment of his medical condition was unnecessarily delayed by the BOP.[3] However, there is no evidence in the record to suggest that the Defendant is not receiving medical treatment for hepatitis C and there is no evidence in the record to suggest that the BOP is ill-equipped to handle these types of chronic conditions during the current pandemic. See United States v. Weidenhamer, No. CR-16-01072-001-PHX-ROS, 2019 WL 6050264, at *5 (D. Ariz. Nov. 8, 2019) (Silver, J.) ("Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release."); See also Miller, 2021 WL 2711728 at *4 ("Chronic but manageable medical conditions alone do not constitute extraordinary and compelling circumstances."). Indeed, the record reflects that the BOP has responded to the Defendant's health condition as the Defendant was "approved for [h]epatitis C treatment and received the appropriate medication (Ledipasvir/Sofosbuvir (Harvoni)) beginning in September 2019." (Doc. No. 1705 at 59.) Additionally, having hepatitis C alone is not a sufficient basis to grant compassionate release. See United States v. Blodgett, 854 F. App'x 229 (9th Cir. 2021) (unpublished) (Affirming the district court's order determining that a defendant's hepatitis C was not an "extraordinary and compelling reason" to grant compassionate release.).

The Defendant contracted COVID-19 in May 2020 and has since recovered despite having hepatitis C. (Doc. No. 1679 at 24.) There is no evidence in the record to suggest that the Defendant continues to suffer from COVID-19 symptoms. Moreover,

---

[3] To the extent that the Defendant raises an Eighth Amendment claim challenging the conditions on his confinement, the Court declines to reduce the Defendant's sentence or order his release on Eighth Amendment grounds based on the procedural posture of the Defendant's request for relief. See United States v. Numann, No. 3:16-CR-00025-TMB, 2020 WL 1977117, at *4 (D. Alaska Apr. 24, 2020) (Burgess, J.) (An Eighth Amendment claim "relating to the manner and conditions of confinement—are not properly brought in a motion for compassionate release [under § 3582(c)(1)(A)] and this Court does not have jurisdiction to consider them."); See also United States v. Pooler, No. 3:18-CR-00137, 2020 WL 7046964, at *7 (S.D. Ohio Dec. 1, 2020) (Rose, J.) ("[A] compassionate release motion likewise is not the appropriate mechanism or vehicle to raise such a claim of alleged constitutional violations.").

-8-

the Defendant received two shots of the Moderna vaccine in March 2021 and is now fully vaccinated. (Sealed Doc. No. 1723.) Given this record, the Court concludes that the Defendant's recovery and vaccination from COVID-19 coupled with the BOP's response to the Defendant's health condition do not rise to the level of being "extraordinary and compelling reasons" to grant his motion for compassionate release. See United States v. Hays, No. 3:18-CR-00562-BR, 2021 WL 3280729 (D. Or. July 30, 2021) (Brown, J.) (Denying a defendant's motion for compassionate release where the defendant suffers from numerous health conditions including hepatitis C, recovered after contracting COVID-19, and has since received both doses of the Moderna vaccine); See also United States v. Grummer, No. 08-CR-4402-DMS, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021) (Sabraw, C.J.) (Denying a defendant's motion for compassionate release and noting that "[a]lthough Defendant suffers from several chronic medical conditions, his vaccination significantly mitigates the risk that he will contract COVID-19."); United States v. Ballenger, No. CR16-5535 BHS, 2021 WL 308814, at *5 (W.D. Wash. Jan. 29, 2021) (Settle, J.) ("[B]ecause [Defendant] has already been infected and vaccinated, his chronic medical conditions alone do not amount to an extraordinary and compelling reason to warrant compassionate release."); United States v. Stephanee Pena, No. CR-19-00296-001-PHX-DJH, 2021 WL 1688240, at *1 (D. Ariz. Apr. 28, 2021) (Humetewa, J.) ("[The Defendant] received both doses of the COVID-19 vaccine. The Government contends this is an additional basis to deny her current Motion [for Compassionate Release]. The Court agrees."); United States v. Tsingine, No. CR-09-08132-001-PCT-GMS, 2021 WL 3419056, at *2 (D. Ariz. Aug. 5, 2021) (Snow, C.J.) ("In light of the efficacy of COVID-19 vaccines, courts consistently refuse to find that COVID-19 presents an extraordinary or compelling reason for relief.").

The Defendant also argues that compassionate release is warranted based on his efforts to rehabilitate while in custody, including earning his GED and attending drug treatment programs. (Doc. No. 1705 at 45.) While the Court commends the Defendant's

efforts to rehabilitate in a custodial setting, these efforts are expected milestones as one of the purposes of a duly imposed sentence is to "provide the defendant with needed educational or vocational training[.]" 18 U.S.C. § 3553(a)(2)(D). Accordingly, rehabilitation alone cannot justify compassionate release. See United States v. Rodriguez, No. 2:17-CR-0229-TOR-1, 2021 WL 3493149, at *5 (E.D. Wash. Aug. 9, 2021) (Rice, J.) ("Successful rehabilitative activities are commendable, but do not alone warrant early release."). Furthermore, the Defendant's efforts to rehabilitate, when considered together with the other circumstances raised by the Defendant, do not rise to the level of being "extraordinary and compelling reasons" to grant his motion for compassionate release. See United States v. Buzio Sanchez, No. CR 13-00513 JMS (02), 2021 WL 3409186, at *6 (D. Haw. Aug. 4, 2021) (Seabright, C.J.) ("Although [defendant's] educational and rehabilitation efforts while in prison are certainly commendable, they do not justify compassionate release when considered along with the other § 3553(a) factors."); See also United States v. Menchaca, No. 12-CR-00454-PJH-1, 2021 WL 3271315, at *4 (N.D. Cal. July 30, 2021) (Hamilton, J.) ("While the court finds defendant's rehabilitative efforts laudable, they do not constitute extraordinary and compelling circumstances warranting compassionate release, either alone or in combination with the other circumstances identified by defendant.").

One of the Defendant's motivating factors in his request for compassionate release is to care for and be with his elderly mother. (Doc. No. 1705 at 44.) However, it is not extraordinary that an incarcerated defendant is faced with not being able to be with an aging parent. Such a circumstance is an expected consequence of a duly imposed custodial sentence. While the Court certainly sympathizes with the Defendant's concern over his mother's dotage, the Defendant's desire to be with his elderly mother is not a basis, by itself, to warrant compassionate release. See United States v. Moalin, No. 10CR4246 JM, 2021 WL 3419417, at *7 (S.D. Cal. Aug. 4, 2021) (Miller, J.) ("[T]he desire among prison inmates to care for an elderly or sick parent does not, by implication, make this reason either extraordinary or compelling."); See

-10-

also United States v. Ingram, No. 2:14-CR-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) (Sargus, C.J.) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary."); United States v. Baye, 464 F. Supp. 3d 1178, 1190 (D. Nev. 2020) (Jones, J.) ("While the Court sympathizes with Defendant regarding his mother's deteriorating condition, it also agrees with other courts in concluding that such a circumstance is not extraordinary[.]"). Even considering this factor along with the other factors raised by the Defendant, the Court concludes that the Defendant's circumstances do not rise to the level of being "extraordinary and compelling reasons" to grant his motion for compassionate release. See United States v. Labra, No. 4:15-CR-107 (1), 2021 WL 3376828, at *6 (E.D. Tex. Aug. 2, 2021) (Crone, J.) (Concluding that a defendant's numerous health conditions coupled with his "purported desire to care for his mother does not constitute extraordinary and compelling reasons warranting compassionate release.").

The Court next considers the underlying criminal conduct and the rest of the Title 18 U.S.C. § 3553(a) factors in determining whether compassionate release is warranted in this case. The Defendant was a significant supplier of methamphetamine in a distribution ring involving the Hell's Angels gang. (Doc. No. 771 at 5-6.) While the Defendant was not a member of the Hell's Angels, the Defendant was well acquainted with at least one of its members. (Id.) Moreover, at the time of sentencing, both parties agreed that the Defendant was not a minor participant in the drug distribution ring. (Doc. No. 1565 at 30.) Additionally, as the Government noted it its response to the Defendant's motion for compassionate release, "[m]ethamphetamine is a highly addictive and deadly controlled substance that has a proven record of destroying families, homes, and communities." (Doc. No. 1679 at 27.) Furthermore, the Defendant was determined to be a career offender due to his lengthy criminal history. (Doc. No. 1565 at 33.) Accordingly, in light of the seriousness of the offense, the Defendant's criminal history, the need to promote respect for the law, to provide just punishment, and to afford adequate deterrence to criminal conduct, the Court sentenced the

Defendant to a custodial term of 180 months. Balancing these factors[4] along with the factors raised by the Defendant, the Court concludes that the underlying criminal conduct and the Defendant's lengthy criminal history weighs against compassionate release and further concludes that no "extraordinary and compelling reasons" exist to warrant compassionate release. See United States v. Mendoza, No. CR13-0238-JCC, 2021 WL 2856673, at *3 (W.D. Wash. July 8, 2021) (Coughenour, J.) ("On balance, the Court finds the § 3553(a) factors weigh against reducing [defendant's] sentence."); See also United States v. Fields, No. CR-18-00136-003-PHX-SMB, 2021 WL 2780873, at *4 (D. Ariz. July 2, 2021) (Brnovich, J.) ("[T]he Court finds that the 18 U.S.C. § 3553(a) factors also weigh against compassionate release."); United States v. Gibson, No. CR 16-00746 JMS (06), 2021 WL 328913, at *5 (D. Haw. Feb. 1, 2021) (Seabright, C.J.) ("[A] consideration of the § 3553(a) factors weighs heavily against granting [compassionate release].").

The Court notes that the guideline range determined at the time of sentencing was 151 to 188 months. (Doc. No. 1565 at 36.) The Defendant has served approximately 10 years in custody (Doc. No. 1705 at 44), which is below the low-end of the advisory guideline range. Granting early release now would stray from the § 3553(a) factors and create unwarranted sentencing disparities. See United States v. Shelden, No. 2:18-cr-00237-JAD-PAL, 2021 WL 3288597, at *2 (D. Nev. July 30, 2021) (Dorsey, J.) ("[G]ranting early release would amount to a several-level downward variance, creating an unwarranted sentencing disparity."); See also United States v. Hernandez, No.

---

[4] The 18 U.S.C. § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established in the Sentencing Guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims.

CR14-5105 BHS, 2021 WL 1313173, at *4 (W.D. Wash. Apr. 8, 2021) (Settle, J.) ("[Compassionate] [r]elease now would also result in an unwarranted sentencing disparity.").

Although the Defendant does not qualify for a reduction of his imprisonment term under § 3582(c)(1)(A), the Court may also "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure" under § 3582(c)(1)(B). The Defendant's motion also includes a request to convert his sentence from incarceration in a BOP facility to home confinement. However, the Supreme Court has made it clear that "[w]hen a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment,' [18 U.S.C.] § 3621(b)." Tapia v. United States, 564 U.S. 319, 331 (2011). Although "the First Step Act expressly permits the Attorney General to release some or all eligible elderly offenders and eligible terminally-ill offenders from the BOP facilities to home detention" under Title 34 U.S.C. 60541, Title 18, U.S.C. § 3582(c)(1)(B) only "permits courts to modify an imposed term of imprisonment, not the method of incarceration." Curry, 2019 WL 508067, at *2. Accordingly, Title 34 U.S.C. § 60541 only authorizes the Attorney General, not the courts, to modify the method of imprisonment from a BOP facility to home confinement. Title 18 U.S.C. § 3582(c)(1)(B) does not permit the Court to make such modification that has been exclusively delegated to the Attorney General's discretion by statute. Accordingly, the Court declines the Defendant's request for such action under § 3582(c)(1)(B).

## Conclusion

After taking into consideration the pandemic, the Defendant's health condition, including his recovery from COVID-19 and his subsequent vaccination, the BOP's response to the Defendant's health condition and response to the pandemic, the Defendant's efforts to rehabilitate, the Defendant's desire to care for his elderly mother, the underlying criminal conduct, and the Defendant's criminal history, and after

-13-

consulting the § 3553(a) factors and the non-binding policy statements in U.S.S.G. § 1B1.13,  the Court concludes that there are no "extraordinary and compelling reasons" to justify compassionate release in this case. Accordingly, after considering the Defendant's motion and applying the relevant law and legal standards, and based on the current record, the Court DENIES the Defendant's motion for compassionate release under Title 18 U.S.C. § 3582(c)(1)(A) and DENIES his request to convert his incarceration in a BOP facility to home confinement under Title 18 U.S.C. § 3582(c)(1)(B) and Title 34 U.S.C. § 60541.

The Clerk is directed to send a copy of this order to the Defendant.

IT IS SO ORDERED.

DATED: <u>August 16, 2021</u>

HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE